IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

THOMAS E. CARLSON, JR.,

     Plaintiff,

vs.

CARROLL COUNTY, et al.,

     Defendants.

No. 05-1025-B/An

---

ORDER ASSESSING FILING FEE
ORDER DENYING MOTION FOR STATUS AS MOOT
ORDER OF PARTIAL DISMISSAL AND
ORDER TO ISSUE SERVICE OF PROCESS

---

Plaintiff Thomas E. Carlson, Jr., an inmate at the Northwest Correctional Complex
(NWCX), has filed a complaint under 42 U.S.C. § 1983. The Clerk shall file the case and
record the defendants as Carroll County, Henderson County, Ricky Lunsford, Tim Meggs,
and David Bunn. On September 28, 2005, plaintiff filed an amended complaint.

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all
prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C.
§ 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner
the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in

installments. In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order.

It is ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 Federal Building, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2).

II.    Order Denying Motion for Status as Moot

On September 13, 2005, plaintiff filed a motion for status of the case. The Court follows the procedure set for in the administrative order of the United States Court of Appeals for the Sixth Circuit which states:

3

> [B]efore service of process is made on the opposing parties, the district court
> must screen the case under the criteria of 28 U.S.C.A. § 1915(e)(2) and 28
> U.S.C.A. § 1915A. . . . Therefore, in prisoner cases, the district court must
> first examine a complaint under § 1915A and then review the complaint under
> § 1915(e)(2) before the case may proceed in normal course. District courts are
> required to screen all civil cases brought by prisoners, regardless of whether
> the inmate paid the full filing fee, is a pauper, is pro se, or is represented by
> counsel, as the statute does not differentiate between civil actions brought by
> prisoners.

In Re Prison Litigation Reform Act, 105 F.3d 1131, 1131-33 (6th Cir. 1997)(articulating

how district courts should apply the PLRA). By entry of this order Carlson is amply advised

of the status of his case, therefore his motion for status is DENIED as moot.

III.    Order of Partial Dismissal

Plaintiff Carlson sues Carroll County, Henderson County, Henderson County Sheriff

Ricky Lunsford, and Carroll County Sheriff's Department Investigators Tim Meggs and

David Bunn. Plaintiff alleges that Investigators Meggs and Bunn falsely informed Sheriff

Lunsford that he was armed and dangerous on February 4, 2004. Carlson alleges that the

Investigators made the false accusations in retaliation for his successful resolution of prior

criminal charges. He further alleges that the actions of Meggs and Bunn endangered his life

by resulting in Lunsford's use of excessive force against him during his arrest, including a

high speed chase and shots fired into plaintiff's vehicle.

A local governmental entity, such as a city or county, "is not vicariously liable under

§ 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that

the [county] itself is the wrongdoer." Collins v. City of Harker Heights, Tex., 503 U.S. 115,

121 (1992). See also Jett v. Dallas Independent School District, 491 U.S. 701, 726-29 (1989)(discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell, 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that her injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing Pembaur).   Plaintiff's allegations are insufficient to demonstrate an unconstitutional custom or policy that would support a claim that either Carroll County or Henderson County "can be fairly said" to be a wrongdoer.

Accordingly, the claims against Carroll and Henderson Counties lack an arguable basis either in law or in fact and are, therefore, frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). As those claims are frivolous and fail to state a claim, those claims and defendants Carroll County and

Henderson County are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I) and § 1915A(b)(1).

## IV. Issuance of Service of Process

It is ORDERED that the Clerk shall issue process for defendants Lunsford, Meggs, and Bunn and deliver said process to the marshal for service. Service shall be made on all individual defendants either by mail pursuant to Rule 4(e)(1) and (h)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant, or on the defendant if he has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this _16_ day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 1:05-CV-01025 was distributed by fax, mail, or direct printing on December 20, 2005 to the parties listed.

---

Thomas Eugene Carlson
WTSP Site 3
#246745
P.O. Box 1150
Henning, TN 38041--115

Honorable J. Breen
US DISTRICT COURT