IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

THOMAS EUGENE CARLSON, JR.,

      Plaintiff,

v.                                                        No. 05-1025-B/An

RICKY LUNSFORD, TIM MEGGS and
DAVID BUNN,

      Defendants.

_____

**ORDER OVERRULING MAGISTRATE JUDGE'S ORDER GRANTING
PLAINTIFF'S MOTION TO COMPEL AND GRANTING IN PART PLAINTIFF'S
MOTION TO ENLARGE TIME TO RESPOND TO SUMMARY JUDGMENT**
_____

      Before the Court is an appeal by the Defendants from the Magistrate Judge's order granting the Plaintiff's motion to compel discovery issued by text order on July 17, 2006. In this case, the Plaintiff, Thomas Eugene Carlson, Jr., who is proceeding pro se, has alleged that the Defendants, Ricky Lunsford, Tim Meggs and David Bunn, used excessive force against him in violation of his constitutional rights. In their answer, the Defendants asserted the affirmative defense of qualified immunity and subsequently filed a motion for summary judgment, in which they argue that they are entitled to dismissal based upon a lack of a constitutional violation or in the alternative based upon qualified immunity. During the interim of these filings, the Plaintiff served interrogatories on the Defendants, as a result of which the Defendants sought to stay discovery on the grounds that the qualified immunity defense had been raised. Because the Defendants did not respond to the discovery, Carlson filed a motion to compel which was referred to the Magistrate Judge for determination. It is unclear from the text order by the Magistrate Judge as to whether he reviewed the discovery submitted by the Plaintiff or considered the legal arguments raised by the Defendants in their motion to stay. The only statement that the Magistrate Judge indicated as a basis for his ruling was that "the Plaintiff states that he needs the discovery so that he can properly respond to Defendants' motion for summary judgment."

In their appeal of the Magistrate Judge's ruling, the Defendants contend that based upon Supreme Court and Sixth Circuit precedent, this Court should hold discovery in abeyance until the issue of qualified immunity has been determined. In support of their position, the Defendants cite Harlow v. Fitzgerald, 457 U.S. 800 (1982) and English v. Dyke, 23 F.3d 1086 (6th Cir. 1994), which hold that when the defense of qualified immunity is raised and the court must determine if the law which the defendants are accused of violating was not at the time of their actions clearly established, discovery should be held in abeyance. See Harlow, 457 U.S. at 818-819; English, 23 F.3d at 1089. This stay of discovery is to be maintained not only during the pendency of the motion to dismiss on qualified immunity but also any appeal that is taken by a Defendant who was denied qualified immunity. English, 23 F.3d at 1089.

This Court has reviewed the interrogatories and requests to produce filed by the Plaintiff and much appears to be not only matters that may possibly pertain to the question of a constitutional violation but also to other subjects that do not necessarily involve that issue. The basic premise from judicial precedent of staying discovery during the resolution of a qualified immunity issue, however, is to prevent the unnecessary expenditure of resources by defendants who otherwise would not be subject to liability where there was no constitutional right violated by an officer's actions.

Accordingly, for the reasons stated herein, the Court finds that the Magistrate Judge ruling was clearly erroneous and contrary to law,  see Rule 72(a), Federal Rules of Civil Procedure, and therefore is REVERSED. The Court hereby STAYS discovery pending the resolution of the motion to dismiss. As the Court has now made this determination, the Plaintiff is hereby directed to file a response to the motion to dismiss within twenty-one (21) days of the entry of this order. In this regard, Plaintiff's motion to enlarge time to respond to summary judgment is GRANTED IN PART.

**IT IS SO ORDERED** this 24th day of August, 2006.

                                                    s/ J. DANIEL BREEN
                                                    UNITED STATES DISTRICT JUDGE