IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

THOMAS EUGENE CARLSON,

     Plaintiff,

vs.

RICKY LUNSFORD, TIM MEGGS,
and DAVID BUNN,

     Defendants.

No. 05-1025-JDB

---

ORDER GRANTING MOTION FOR INVOLUNTARY DISMISSAL OF PLAINTIFF'S
CLAIMS AGAINST DEFENDANTS MEGGS AND BUNN
(DOCKET ENTRY 89)

---

On January 27, 2005, Plaintiff Thomas Eugene Carlson, filed a
pro se complaint under 42 U.S.C. § 1983 against Henderson County
Sheriff Ricky Lunsford, and Carroll County Sheriff's Department
Investigators Tim Meggs and David Bunn alleging that they violated
his constitutional rights by using deadly force to stop his
vehicle, by utilizing excessive force to remove him from his
vehicle, and by denying him proper medical care. The Court's
screening and service order entered on December 16, 2005, stated,
in part:

> The plaintiff shall promptly notify the Clerk of any
> change of address or whereabouts. Failure to comply with
> these requirements, or any other order of the Court, may
> result in this case being dismissed without further
> notice.

(Docket Entry "D.E." 6, p. 6). Plaintiff filed a change of address
on January 18, 2006. (D.E. 8). Defendants filed an answer on
February 27, 2006. (D.E. 15).

On June 16, 2006, Plaintiff filed a change of address. (D.E. 30). On July 6, 2006, Defendants filed a motion for summary judgment. (D.E. 36). Plaintiff did not respond to the motion. On October 16, 2006, the Court entered an order instructing Plaintiff to show cause why Defendants' motion should not be granted. (D.E. 63). The order advised Plaintiff that:

> Failure of the Plaintiff to respond in a timely manner to this order may result in the dismissal of his claims against Defendants Lunsford, Bunn, and Meggs.

(Id.). Plaintiff responded to the show cause order and Defendants' motion for summary judgment on October 31, 2006. (D.E. 66-69). On February 8, 2007, the Court denied Defendants' motion for summary judgment on the issue of qualified immunity and granted Defendant's motion for summary judgment on Plaintiff's claim for inadequate medical treatment. (D.E. 77). Additionally, the Court dismissed Plaintiff's claims for violations of the Tennessee Constitution and claims for punitive damages. (Id.). Defendant Lunsford filed an interlocutory appeal of the portion of the Court's order denying his motion for summary judgment based on qualified immunity. Lunsford's petition for rehearing en banc remains pending with the Sixth Circuit Court of Appeals. (Case No. 07-5207).

On August 19, 2008, Defendants Meggs and Bunn filed a motion for involuntary dismissal. (D.E. 89). Plaintiff has not responded to the motion and the time for responding has expired. Counsel for Defendants has been unable to contact Plaintiff since July 2008, when correspondence addressed to Plaintiff was returned, marked "Moved - Forwarding Time Expired." (Defendants' Exhibit 2,

Envelope).  Also in July, the Court's correspondence to Plaintiff was returned, marked "not deliverable as addressed, unable to forward." (Docket Entry 88).  All correspondence sent to Plaintiff since July 2008 has been returned to the sender. (Id.; D.E. 92).

A plaintiff, even a pro se plaintiff, has an obligation to keep himself informed about the status of his case and to move his case forward.  That obligation continues despite a change of address.  The docket in this case shows no inquiries by Plaintiff and no pleadings filed by Plaintiff during the current calendar year.

A pro se plaintiff's complaint may be dismissed when the Plaintiff has been directed to comply with a court order and has been given notice that dismissal will be the penalty for failure to comply.  Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991) (holding that dismissal is appropriate when a party fails to comply with readily comprehensible instructions in court order); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988).

Here, Plaintiff's failure to respond to the Defendants' motion for involuntary dismissal, as well as his failure to comply with the Court's order to promptly notify the Clerk of any change of address or whereabouts, constitute such "bad faith or contumacious conduct" in failing to prosecute this action as to justify dismissal with prejudice.  See Carver v. Bunch, 946 F.2d 451, 454 (6th Cir. 1991).  Carlson has made no effort to demonstrate to the Court that his failure to comply with the Court's orders was due to inability, not willfulness or bad faith.  Reyes, 307 F.3d at 458

(citation omitted).  The Court further determines that Plaintiff's willful and contumacious conduct establishes that a lesser sanction would not better serve the interests of justice.

Defendants' motion for involuntary dismissal for failure to prosecute is GRANTED.  Plaintiff's claims against Defendants Meggs and Bunn are DISMISSED WITH PREJUDICE pursuant to Rule 41(b), for failure to prosecute and failure to comply with the order of the Court.

Defendant Lunsford did not join in this motion to dismiss due to the pending petition for rehearing en banc. Plaintiff's claims under Defendant Lunsford remain, therefore, this order is not a final appealable order.

IT IS SO ORDERED this 13th day of September, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE